UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST LABORERS-EMPLOYERS HEALTH & SECURITY TRUST, et al.,<br><br>Plaintiff(s),<br>v.<br><br>NEWTON UNDERGROUND INC,<br><br>Defendant(s). | CASE NO. C26-1564-KKE<br><br>ORDER GRANTING MOTION FOR SERVICE BY MAIL |

This matter comes before the Court on Plaintiffs' motion to permit service of process by mail. Dkt. No. 6. Plaintiffs ask the Court to authorize mail service pursuant to Federal Rule of Civil Procedure 4(e)(1) because they have unsuccessfully attempted personal service on Defendant Newton Underground Inc. ("Newton") on several occasions and now believe that personal "service cannot be made with reasonable diligence." *Id.* at 1. The Court will grant Plaintiffs' motion.

Rule 4(e)(1) permits service on a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Although Plaintiffs cite no authority in support of their motion (besides Rule 4(e)(1)), Washington law does permit service by mail if the plaintiff demonstrates "(1) they made reasonably diligent efforts to personally serve the defendants; (2) service by publication would be justified under Washington law; and (3) the defendants are as likely to receive actual notice from service by mail as they would from service by publication." *Russell v. WADOT Cap.,*

*Inc.*, 2023 WL 3791823, at *2 (W.D. Wash. June 1, 2023); *see also* WASH. SUP. CT. CIV. R. 4(d)(4) (permitting service by mail as an alternative to service by publication); *Charboneau Excavating, Inc. v. Turnipseed*, 75 P.3d 1011, 1014 (Wash. Ct. App. 2003) (discussing requirements for service by publication). Service by publication is permitted if a Washington resident "keeps himself or herself concealed" within the state "to avoid the service of a summons." WASH. REV. CODE § 4.28.100(2); *see Dodo Int'l, Inc. v. Parker*, 2021 WL 662344, at *1 (W.D. Wash. Feb. 19, 2021).

Here, Plaintiffs filed an affidavit along with their motion[1] recounting their efforts to serve Newton. In particular, Plaintiffs' process server attempted service twice at "a rural area" that was apparently a work site, where, on the second attempt, "an individual who identified themselves as an employee" stated they could not accept service on behalf of the company. Dkt. No. 7-1 at 1–2. The server then attempted service at the address for Newton's registered agent, James Newton, which turned out to be a mailstop, and at an address believed to be Mr. Newton's residence, where the server encountered a locked gate and was, on two occasions, unable to make contact with a resident. *Id.* at 2. Plaintiffs' attorney also attempted to call Newton at its last known telephone number on four occasions without success. Dkt. No. 7 ¶ 4.

The Court finds that the record supports a likelihood that Newton is evading service. Plaintiffs have attempted service on five occasions without success. An apparent employee of Newton informed the process server that they could not accept service and that the server would have to find the owner, Mr. Newton. And the server's attempts to locate Mr. Newton led to several apparent dead ends—first, a mailstop listed as the address of the company's registered agent and, second, a locked gate with no means of entry. Moreover, Plaintiffs have been unable to contact

[1] Plaintiffs' one-paragraph motion does not set forth the applicable legal standards or apply them to the facts of this case. Though the Court grants Plaintiffs' motion, counsel is advised that future requests for relief must be supported by legal argument, appropriate citations, and application of the law to the specific facts before the Court.

Newton by phone and, most recently, discovered that Newton's last known telephone number had been disconnected. Dkt. No. 7 ¶ 4.

Plaintiffs' attempts at service to date reflect reasonably diligent efforts. The record also suggests that Newton may be avoiding service. And because the address of Newton's registered agent is a mailstop, service by mail would likely be equally effective as publication at providing notice to Newton of this lawsuit.

Accordingly, Plaintiffs' motion for service by mail (Dkt. No. 6) is GRANTED. Plaintiffs are DIRECTED to serve Defendant Newton Underground Inc. by U.S. mail at the address of its registered agent.

Dated this 28th day of July, 2026.

Kymberly K. Evanson
United States District Judge